McGREGOR W. SCOTT
United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>JUZER QASSIM,<br><br>                     Defendant. | CASE NO. 1:16-CR-00155-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>JURY TRIAL: July 7, 2020, 10:00 a.m.<br>TRIAL CONF. HEARING: June 22, 2020, 10:00 a.m.<br>COURT: Hon. Dale A. Drozd |

This matter was set for jury trial on February 26, 2019. C.R. 39. By stipulation filed January 29, 2019, the trial was continued to May 21, 2019. C.R. 57. By stipulation filed April 4, 2019, the trial was further continued to February 4, 2020. CR 59. By stipulation filed January 2, 2020, this matter was further continued to July 7, 2020, with the trial confirmation hearing to occur on June 22, 2020. CR 63.

On April 17, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice" and allows district judges to continue criminal matters at their discretion. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders excuse delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties are continuing to determine whether this matter can be resolved by plea. Given disruptions to state and federal trial calendars due to the pandemic, defense counsel anticipates that his trial calendar will be impacted for the remainder of the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

year, making a shorter continuance infeasible. If continued, this Court should designate a new date for the trial and confirmation hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial on July 7, 2020.

2. By this stipulation, defendant now moves to continue the trial to January 26, 2021 at 8:30 a.m., to continue the trial confirmation hearing to January 11, 2021 at 10:00 a.m., and to exclude time between July 7, 2020, and January 26, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case has been produced or made available for inspection and copying to defendant.

   b) Counsel for defendant desires additional time to consult with his client, review the current charges, review discovery for this matter, discuss potential resolutions with his client and the government, to prepare pretrial motions, and otherwise to prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 7, 2020 to January 26, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in

a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 16, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ VINCENTE A. TENNERELLI
VINCENTE A. TENNERELLI
Assistant United States Attorney

Dated: May 16, 2020

/s/ DAVID A. TORRES
DAVID A. TORRES
Counsel for Defendant
JUZER QASSIM

**ORDER**

IT IS ORDERED that the Trial Confirmation currently scheduled for June 22, 2020, at 10:00 a.m. is continued to January 11, 2021, at 10:00 a.m. and the Jury Trial currently scheduled for July 7, 2020, at 8:30 a.m. is continued to January 26, 2021, at 8:30 a.m.  Time is excluded as indicated in the parties' stipulation.

IT IS SO ORDERED.

Dated: __May 18, 2020__

UNITED STATES DISTRICT JUDGE