# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUZER QASSIM,<br><br>　　　　　　Defendant. | Case No.  1:16-cr-00155-DAD-BAM<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND REFERRING MATTER TO OFFICE OF THE FEDERAL DEFENDER FOR DETERMINATION OF DEFENDANT'S FINANCIAL QUALIFICATION FOR APPOINTMENT OF COUNSEL<br><br>ORDER SETTING STATUS HEARING FOR OCTOBER 8, 2021 AT 2:00 P.M.<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON OFFICE OF FEDERAL DEFENDER<br><br>(ECF No. 78) |

　　　On September 28, 2021, attorney David Torres, attorney for Defendant Juzer Qassim, filed a motion requesting to withdraw as attorney of record for Defendant. (ECF No. 78.) On October 4, 2021, the Court held a hearing on the motion to withdraw. (ECF No. 81.) David Torres appeared on behalf of Defendant and Vincente Tennerelli appeared on behalf of the Government.

　　　Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist.,

No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1-2 (E.D. Cal. Aug. 6, 2012); Cal. R. Prof. Conduct 1.16.  The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared.  L.R. 182(d).  It is within the Court's discretion whether to grant withdrawal.  L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)).  "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4).

At the hearing, the Government proffered it could not take a position on the motion because it was not privy to the reasons for the requested withdrawal.  During a closed session outside of the presence of the Government and the public, the Court discussed the reasons for the requested withdrawal with Defendant and counsel David Torres.  Based on the matters discussed, the Court finds good cause to grant the motion to withdraw.  L.R. 182; L.S. ex rel. R.S., 2012 WL 3236743, at *1-2.; Cal. R. Prof. Conduct 1.16.  However, David Torres will not be relieved as counsel for Defendant until Defendant retains or is appointed new counsel.

Defendant indicated he may seek to retain private counsel, though may need court-appointed counsel.  The Court informed Defendant to try and make such determination prior to the October 8, 2021 status hearing.  In the interim, the Court shall order the matter referred to the Office of the Federal Public Defender for the purpose of determining whether Defendant financially qualifies for the appointment of counsel, by having Defendant complete a financial affidavit.

///

///

///

///

///

Accordingly, finding good cause for the withdrawal of counsel, and in the interests of justice and pursuant to the U.S. CONST., amend VI and 18 U.S.C. § 3006A, IT IS HEREBY ORDERED that:

1. The motion to withdraw David Torres as attorney of record for Defendant Juzer Qassim (ECF No. 78) is GRANTED;

2. A further status hearing regarding the appointment of counsel is set for October 8, 2021, at 2:00 p.m. in Courtroom 9 before the undersigned;

3. Defendant shall appear at the October 8, 2021 status hearing;

4. David Torres shall not be relieved as attorney of record for Defendant in this case until new counsel is appointed or retained, and the Court is notified of such representation, whether through appearance by new counsel at the October 8, 2021 status hearing, or otherwise;

5. This matter is referred to Office of the Federal Public Defender for the Eastern District of California for the purpose of determining Defendant's financial qualification to have appointed counsel to represent Defendant in this matter;

6. Following the appointment or retainment of new counsel by Defendant, counsel David Torres shall transfer any discovery materials provided by the Government to new counsel within three (3) days; and

7. The Clerk of the Court is DIRECTED to serve a copy of this order on the Office of the Federal Public Defender for the Eastern District of California.

IT IS SO ORDERED.

Dated: **October 4, 2021**

UNITED STATES MAGISTRATE JUDGE

3