PHILLIP A. TALBERT
United States Attorney
HENRY Z. CARBAJAL III
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:16-cr-00155 ADA-BAM |
| Plaintiff, | STIPULATION TO VACATE TRIAL DATE AND SET CHANGE OF PLEA HEARING; FINDINGS AND ORDER |
| v. | |
| JUZER QASSIM, | DATE:   January 16, 2024 |
| Defendant. | TIME:   8:30 a.m. |
| | JUDGE: Hon. Ana De Alba |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for trial on December 5, 2023 at 8:30 a.m.

2.      By this stipulation, the parties now move to vacate the trial confirmation and trial date and set the matter for change of plea as to defendant Juzer Qassim for **January 16, 2024 at 8:30 a.m.**, and to exclude time between the date of this stipulation and January 16, 2024 under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

3.      The parties agree and stipulate, and request that the Court find the following:

a.      The defendant has executed a plea agreement with the government, which has been

1

filed with the Court.

b.       The parties request January 16, 2024 for a change of plea hearing, as it is the earliest convenient date for defense counsel and defendant to travel to Fresno for the hearing.  As the defendant does not intend on going to trial, the parties request that the trial date, and all other corresponding Court dates be vacated.  Vacating the trial date and pretrial deadlines will conserve judicial resources as it will avoid the scheduling of a jury panel, the consideration of pretrial filings, and the transportation of witnesses, among other trial preparations, for a case that has been resolved by plea agreement.  Moreover, the continuance for the change of plea hearing will allow the defendant to continue to consult with counsel regarding his change of plea, and to prepare for and attend his change of plea hearing.

c.       By previous Court order, Dkt. No. 111, time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., through and including December 5, 2023 for *inter alia* trial preparation.  In an abundance of caution, the parties also request that time be excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., from the date of this stipulation through and including January 16, 2024, to allow the defendant to continue to consult with counsel regarding his change of plea, and to prepare for and attend his change of plea hearing.

d.       Counsel for defendant believes that failure to grant the above-requested continuance/time exclusion would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.       The government does not object to, and agrees to, the continuance/time exclusion.

f.       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g.       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et

seq., within which trial must commence, the time period of the date of this stipulation to January 16, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:        October 25, 2023

/s/John M. Scorsine
JOHN M. SCORSINE
Counsel for Defendant
JUZER QASSIM

DATED:        October 25, 2023

/s/ Henry Z. Carbajal III
HENRY Z. CARBAJAL III
Assistant United States Attorney

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

**O R D E R**

For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,
within which trial must commence, the time period of the date of this stipulation to January 16,
2024, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G),
3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the
Court at defendants' request on the basis of the Court's finding that the ends of justice served by
taking such action outweigh the best interest of the public and the defendant in a speedy trial.  At the
request of the parties, the December 5, 2023 trial date and all other corresponding Court dates in the
above case are **VACATED**.


IT IS SO ORDERED.

    Dated:   __October 26, 2023__

_____
UNITED STATES DISTRICT JUDGE

4